IN THE NEBRASKA COURT OF APPEALS

## MEMORANDUM OPINION AND JUDGMENT ON APPEAL
### (Memorandum Web Opinion)

ANTONIDES V. ANTONIDES

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

BRANDI L. ANTONIDES, NOW KNOWN AS BRANDI L. PLOWMAN, APPELLEE,

V.

ANTHONY J. ANTONIDES, APPELLANT.

Filed June 10, 2025.    No. A-24-704.

Appeal from the District Court for Lancaster County: MATTHEW O. MELLOR, Judge. Affirmed.

Trevin H. Preble, of Preble Law Firm, P.C., L.L.O., for appellant.

No appearance by appellee.

RIEDMANN, Chief Judge, and MOORE and ARTERBURN, Judges.

RIEDMANN, Chief Judge.

### INTRODUCTION

Anthony J. Antonides appeals from an order of the district court for Lancaster County denying his request to modify physical and legal custody of his four minor children shared with Brandi L. Antonides, now known as Brandi L. Plowman. For the reasons set forth below, we affirm.

### BACKGROUND

An order was entered in November 2022, granting Anthony and Brandi joint legal and physical custody of their minor children Avagail, born 2007; Anthony, born 2011; Adelyn, born 2016; and Ayven, born 2018. However, our record contains no information regarding when the parties divorced or whether the November 2022 order was the first modification of custody. In

May 2023, Anthony filed a complaint to modify the custody order and a motion for an ex parte order granting him temporary physical and legal custody of the children.

The complaint to modify alleged that the children's well-being was in jeopardy while in Brandi's care, and it was not in their best interests for joint legal and physical custody to continue. The motion for an ex parte temporary custody order incorporated allegations contained in affidavits completed by Anthony and Brandi's sister.

Anthony's affidavit stated that Brandi had severe issues with alcohol use such that he was now concerned for the safety of the parties' children. Over the previous year, the children had told him that Brandi had not given them food while they were in her care, had left them unattended, had driven them in the car while she was drunk, and had "black[ed] out" from drinking, leaving no one to care for the children.

Anthony also averred that in January 2023, Avagail had mental health issues and suicidal ideations so Anthony and Brandi had agreed Anthony would pick up the younger children while Brandi cared for Avagail. However, Brandi left the daughter home alone and went out drinking. Avagail then attempted suicide and was consequently hospitalized for a prolonged period. Anthony also alleged that Brandi had refused help or treatment and had refused to stop drinking. For these reasons, he asked the district court to grant him temporary custody of the children.

Brandi's sister averred that Brandi had a very serious problem with alcohol, and in "February/March 2023" she had been caring for Avagail but was unable to reach Brandi. She later was told by Brandi's oldest daughter that Brandi had been drunk the entire weekend. The sister determined it was unsafe to return Avagail to Brandi's care. The district court granted the ex parte motion and placed temporary legal and physical custody of the children with Anthony.

The court held a further hearing on Anthony's ex parte motion for temporary custody in June 2023. After this hearing, the court awarded Anthony temporary legal and physical custody of the children and awarded Brandi parenting time every Wednesday from 5 p.m. to 8 p.m. and every other Saturday and Sunday from 10 a.m. to 6 p.m. Brandi was also required to submit to testing for alcohol prior to and during her parenting time. In September, the temporary order was modified to extend Brandi's weekend parenting time to include overnights because she had consistently tested negative for alcohol immediately prior to and during her parenting time since July.

A trial was held in April 2024 on the complaint to modify. Anthony called several witnesses on his behalf and various exhibits were introduced and admitted into evidence including Brandi's substance use evaluation, police reports, Brandi's sister's affidavit, multiple affidavits by Anthony, a proposed parenting and financial plan, a certificate of Brandi's completion of drug and alcohol awareness course, and a record of Brandi's alcohol testing results prior to and during her parenting time throughout the case.

The evidence at trial showed the parties had engaged in mediation during the pendency of this case, and Brandi was consequently required to complete a substance use evaluation. The evaluation was completed in January 2024, during which Brandi reported she had not drunk alcohol since August 2023 and had no legal history, other than the present custody case. Further evidence revealed, however, that Brandi had been ticketed for negligent driving and DUI in November 2023. A police officer testified that he had identified Brandi as the driver of an SUV which had been reported to have collided with a parked vehicle. He determined Brandi was

impaired and testing later confirmed she had a blood alcohol content of .227. The children were not present during this incident.

Brandi admitted that she was dishonest with the evaluator about her recent alcohol consumption, and that she did not disclose her DUI because she was embarrassed. She stated she had drunk alcohol approximately five times since the evaluation had been completed. She explained that she waited several months to obtain her evaluation because she was embarrassed, struggling with depression, and it required collateral information from family with whom she did not regularly speak.

Brandi stated that she had completed an 8-hour drug and alcohol awareness class, which was the treatment recommended by the evaluation. She also admitted that being dishonest during the evaluation may have affected the recommendations given to her.

Brandi conceded that she may have had an alcohol problem previously, but that the court order which placed sole legal and physical custody with Anthony was a "wake-up call" for her. She explained this was the reason she had no issue testing for alcohol and not drinking alcohol around the children. Brandi's test results, received into evidence, showed she had tested negative for alcohol immediately prior to and during her parenting time between July 2023 and April 2024.

Following trial, the district court denied Anthony's complaint to modify, reasoning that Brandi had shown significant progress in her substance use issues and there was no material change in circumstances at the time of trial. To assure the continued safety and well-being of the children, the court ordered that Brandi continue to test for alcohol before, during, and at the completion of her parenting time for 1 year following the issuance of its order. Anthony appeals.

## ASSIGNMENT OF ERROR

Anthony assigns, restated, the district court erred in finding no material change in circumstances existed to modify the parties' custody order.

## STANDARD OF REVIEW

Modification of a judgment or decree relating to child custody, visitation, or support is a matter entrusted to the discretion of the trial court, whose order is reviewed by an appellate court de novo on the record, and will be affirmed absent an abuse of discretion. *Conley v. Conley*, 33 Neb. App. 98, 11 N.W.3d 671 (2024).

An abuse of discretion occurs when a trial court bases its decision upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence. *Id*.

## ANALYSIS

Custody of a minor child will not ordinarily be modified absent a material change in circumstances, which shows either that the custodial parent is unfit or that the best interests of the child require such action. *Id*. It is the burden of the party seeking modification to show a material change in circumstances. *Id*. Specifically, the movant must show two elements: First, that since entry of the most recent custody order, there has been a material change in circumstances that affects the child's best interests, and second, that it would be in the child's best interests to change custody. *Id*.

A material change in circumstances is the occurrence of something that, if it had been known at the time the most recent custody order was entered, would have persuaded that court to decree differently. *Id*. Proof of a material change in circumstances is the threshold inquiry in a proceeding on a complaint to modify. See *Winkler v. Winkler*, 31 Neb. App. 162, 978 N.W.2d 346 (2022). Before custody is modified, it should be apparent that any material change in circumstances alleged will be permanent or continuous, not merely transitory or temporary. *Conley, supra*.

Consideration of the child's best interests involves a combination of both mandatory and permissive factors. *Id*. Neb. Rev. Stat. § 43-2923(6) (Reissue 2016) requires that certain factors must be considered, including (1) the relationship of the child to each parent prior to the commencement of the action; (2) the desires and wishes of a sufficiently mature child, if based on sound reasoning; (3) the general health, welfare, and social behavior of the child; (4) credible evidence of abuse inflicted on any family or household member; and (5) credible evidence of child abuse or neglect or domestic intimate partner abuse.

Anthony assigns that the district court erred in failing to find a material change in circumstances existed to modify the parties' custody order. He asserts that the material change in circumstances consists of the children

> reporting to Anthony that Brandi left them unattended on a regular basis, they did not always have something to eat at Brandi's home, she had driven drunk with the children in the car, and in January 2023, while Brandi was taking care of Avagail, she left her home alone while she went out drinking and Avagail attempted suicide.

Brief for appellant at 8.

Although Anthony mentions multiple material changes, the substance of his argument pertains only to Brandi's alcohol use. Accordingly, Anthony asserts "[i]t is unfathomable to believe that any Court would award Brandi with joint custody had they known that she would put the children's safety at risk with her alcohol use." *Id*. at 9. Further, he contends the children remaining in Brandi's custody would be contrary to their best interests because "living in a home where alcohol abuse is a regular occurrence is neither safe nor is it a positive contributor for the minor children's growth or stability." *Id*. at 10.

In denying Anthony's complaint, the district court's order recognized Brandi had not "stopped drinking alcohol altogether," it was obvious that "additional steps could be taken" by Brandi to "further eliminate the concern of alcohol for her life and parenting," and the concerns and issues that prompted Anthony to file the complaint were "not gone completely." However, it also acknowledged that "she has stopped drinking while she is preparing for visits and during visits with the children. Because of these corrective actions, the Court does not find there has been a material change in circumstances given the corrective actions [Brandi] has taken."

The court explained Brandi had followed the temporary orders and had shown she "made corrective action to ensure the safety of the children while in her care." It acknowledged that there were significant concerns regarding Brandi's drinking at the time the complaint to modify was filed, but determined those concerns had subsided.

No contrary evidence was introduced to refute Anthony's affidavit which stated the parties' children had reported Brandi was drunk driving with them in the car, left them unattended while

she was drunk, and that she left Avagail alone during a mental health episode. However, the affidavit was dated May 2, 2023, and although it was received into evidence, there was no further evidence that the issues Anthony identified still existed at the time of trial. To the contrary, nearly all the evidence focused on Brandi's alcohol consumption. Evidence of the custodial parent's behavior during the year or so before the hearing on the complaint to modify is considered most significant. See, e.g., *Jones v. Jones*, 305 Neb. 615, 941 N.W.2d 501 (2020). We therefore find no abuse of discretion in the district court's failure to rely on events that occurred prior to May 2023 as material changes in circumstances that affected the children's best interests.

We recognize Brandi was convicted of a DUI in November 2023, which shows she had continued to drink alcohol throughout the case. However, we note the children were not in her custody at the time she was cited for the DUI, and that Anthony presented no evidence that this incident affected the children's best interests. Further, Brandi had remained sober during her parenting time for months prior to trial. Additionally, she had completed an alcohol education course and testified at trial that she had drank alcohol only a handful of times since the January 2024 evaluation, and no evidence was introduced to refute her testimony. We thus agree with the district court the evidence shows Brandi had taken corrective action to alleviate the issues which prompted Anthony's filing of the complaint to modify.

The record is devoid of any evidence that the children continued to be at risk because of Brandi's alcohol use or were living in a home where alcohol abuse was a regular occurrence, contrary to Anthony's previously mentioned arguments. Although Brandi's use of alcohol likely affected the children's best interests at the time Anthony filed his complaint to modify, she had ceased drinking alcohol during her parenting time and taken other corrective action. Thus, at the time of trial, there was no evidence that Brandi's continued alcohol consumption affected the children's best interests, and circumstances that are only temporary cannot constitute a material change. See *Conley v. Conley*, 33 Neb. App. 98, 11 N.W.3d 671 (2024).

Therefore, based on the record before us, we cannot say Brandi's alcohol use constitutes a material change in circumstances which would justify a modification of custody. We thus find the district court did not abuse its discretion.

CONCLUSION

We affirm the order of the district court denying Anthony's complaint to modify the parties' custody order because the record does not establish the existence of a material change in circumstances.

AFFIRMED.